UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DENROY GOLDING,                                    DKT#

                              Plaintiff,           COMPLAINT

-against-

THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT
P.O. MICHAEL AGUNZO Tax Reg.# 962913 and
POLICE OFFICERS JOHN DOES# 1-6
                              Defendant(s),
------------------------------------------------------------------------x

**NOW COMES**, DENROY GOLDING,by and through his attorney, **REHAN NAZRALI, ESQ.**

as and for his complaint against the Defendants, and respectfully shows to this Court and allege as

follows:

## INTRODUCTION

1.  This is an action at law to redress the deprivation by Defendants, acting under color of statute,

    ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to

    Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United

    States of America with intent to deny Plaintiff his civil rights, all of which arise under Federal

    Law, particularly Title 42 U.S.C. §§ 1983 and 1988, and the Constitution, Laws and Statutes

    of the United States and the State of New York.

## JURISDICTION AND VENUE

2.      This action arises under the United States Constitution, particularly under the provisions

    of the  Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and

    under Federal law, particularly Title 42 of the United States Code, §§ 1983, 1988. This Court also

    has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§ 1331,

1342 (4) and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b).


**PARTIES**

4.      At all times relevant hereto the Plaintiff DENROY GOLDING (hereinafter PLAINTIFF) was and is a resident of KINGS County, in the City and State of New York.

5.      At all times relevant hereto defendant City of New York (hereinafter "CITY") was and is a duly incorporated Municipality established and existing under the laws and ordinances of the State of New York.

6.      At all times relevant hereto, defendant New York City Police Department (hereinafter "NYPD") was and is Municipal Entity duly existing, organized and operating under the laws and ordinances of the City and State of New York.

7.      At all relevant times hereto defendant NYPD, pursuant to the laws of the City and State of New York establishing its existence and authorizing its operations, operated, controlled, directed, managed and supervised its employees and particular its Police Officers thereto.

8.      At all relevant times hereinafter, the defendant CITY, its agents, servants and employees operated, maintained and controlled the NYPD, and all the police officers thereof, in particular defendant P.O. MICHAEL AGUNZO (Officer "AGUNZO") Tax Reg.# 962913 as Police Officer in the 106th Precinct.

9.      At all relevant times hereinafter mentioned, and on or prior to September 26, 2018 through October 30, 2019  Defendants, Police Officers AGUNZO  was employed by the CITY, as police officers and assigned to the NYPD - 106th Precinct.

10.     At all relevant times hereinafter, the defendant CITY, its agents, servants and employees operated, maintained and controlled the NYPD, and all the police officers thereof, in particular defendant POLICE OFFICER JOHN DOES #1-6. as Police Officers in the 106th Precinct

11.     Upon information and belief, at all relevant times hereinafter mentioned, and on or prior to September 26, 2018 through October 30, 2019   Defendants, Police Officers JOHN DOES #1-6  were employed by the CITY, as Police Officers and assigned to the NYPD - 106th Precinct.

## PENDANT STATE CLAIMS:

12.     That on or about January 15, 2020 Plaintiffs Notice of Claim was duly filed with the Comptroller's office of the City of New York  and with the TLC.

13.     That said Notice of Claim was filed within 90 days after the causes of action had accrued and as such more than thirty (30) days have elapsed since the filing of said Notice and this matter has not been settled or otherwise disposed of.

14.     That the Plaintiff on August 18, 2020 has submitted to an inquiry concerning the justness of his claims as provided by section 50-H of the General Municipal Lawby attending a 50-H hearing via Zoom organized and held by outside counsel for the CITY, Russo & Toner LLP 33 Whitehall Street – 16ᵗʰ Floor New York, New York 10004

15.     This action has been commenced within one year and ninety days after Plaintiff's various causes of action have accrued.

16.     The Plaintiff has substantially complied with all the conditions precedent to the commencement of this cause of action.

## FACTS

17.     Upon information and belief and at all times relevant thereto on September 26, 2018 at approximately 02:20 am thereof, Plaintiff GOLDING was a pedestrian lawfully traversing upon a side-walk thereof located at or about the intersection of 107 Avenue and and 120th Street in the County of Queens, City and State of New York.

18.      Upon information and belief and at all times relevant thereto, Plaintiff was walking on said sidewalk when several New York City Police Officers traveling in their patrol vehicles pulled up to and upon the said sidewalk whereupon he was traversing thereof.

19.     Upon information and belief and at all times relevant thereto, said New York City Police Officers, Police Officers JOHN DOES Does#1-6 including but not limited to Police Officer **AGUNZO**  Tax Reg.# 962913, exited their vehicles with their guns drawn and pointing and accosted and surrounded Plaintiff.

20.     Upon information and belief and at all times relevant thereto Officer AGUNZO did order Plaintiff to raise his hands under threat of use of deadly force and did thereupon accuse Plaintiff of among other things, shooting a weapon and criminal possession of weapon.


21.     Upon information and belief at all relevant times thereto Officer AGUNZO did order Plaintiff to turn around, which he dutifully did, and then did tightly and painfully place handcuffs on Plaintiff's wrists.

22.     Upon information and belief and at all relevant times thereto Officer AGUNZO did commence a full body search of the Plaintiff for the alleged weapons.

23.     Upon information and belief and at all relevant times thereto Officer AGUNZO did not find any weapons on Plaintiff's person.

24.     Upon information and belief and at all relevant times thereto Police Officers JOHN DOES and Officer AGUNZO did retrieve two BB guns under a bush a significant distance and or from where Plaintiff was stopped.

25.     Upon information and belief and at all relevant times thereto Officer AGUNZO did ask Plaintiff if any of the BB guns were owned and or possessed by him whereupon Plaintiff denied ownership, possession and or use of the same at any time thereof.

26.     Upon information and belief and at all relevant times thereto Officer AGUNZO did further ask Plaintiff his name and date of birth, whereupon Plaintiff did provide the same and at no time did state otherwise.

27.     Upon information and belief and at all relevant times thereto Officer AGUNZO did place a handcuffed Plaintiff into a patrol vehicle and did remove him from the scene of arrest and transported same to the 106th precinct whereupon he was processed and charged with PL 265.01-2 Criminal Possession of a weapon in the Fourth Degree; AC 10-131G imitation pistol and PL 190.23 false personation.

28.     Upon information and belief and at all relevant times thereto as a result of the aforementioned  arrest Plaintiff was caused to be processed through Central Booking and arraignment whereupon he pleaded innocent to said charges.

29.      Upon information and belief and at all relevant times thereto as a result of the aforementioned  arrest Plaintiff was caused to suffer prolonged and excessive incarceration at the New York City Department of Corrections Facility at Rikers Island for a period above and beyond that which was necessary and or appropriate under the circumstances.

30.     Upon information and belief and at all relevant times thereto, Plaintiff was forced to defend himself from the aforementioned criminal charges and on October 28, 2019 the PL 190.23 false

personation charge was dismissed and then on October 30, 2019 he was further acquitted of the PL 265.01-2 Criminal Possession of a weapon in the Fourth Degree and the AC 10-131G imitation pistol charges.

31.     That the above described conduct that took place on September 26, 2018 through to October 30, 2019 at the subject times and places by the defendant CITY through and/or by the actions of its agents, servants and employees, namely Police Officer AGUNZO and the other Police Officers John Does#1-6 constitutes, variously, false arrest, false imprisonment, assault, battery, abuse of process, failure to intervene and malicious prosecution.

32.     By their conduct, defendant CITY and through and/or by the actions of its agents, servants and employees, namely the aforesaid Police Officers under color of law, pursuant to U.S.C §1983, deprived Plaintiff of his State and Federal constitutional right to be free from false arrest, false imprisonment, assault, battery, abuse of process, failure to intervene and malicious prosecution among others.

33.     That the NYPD Officers, including but not limited to Police Officer AGUNZO in the course of their wrongful conduct described in the foregoing paragraphs, were acting in the course of and in furtherance of their employment for defendants CITY and NYPD and as such, as their employer, said Municipal respondents are liable for their wrongful conduct.

34.     Additionally, and upon information and belief, defendants CITY by and through the NYPD, failed in their duty to train, retain, manage, control and supervise their agents, servants, employees and personnel in the proper safe and secure manner in which to arrest individuals without fabricating false charges in order to justify wrongful conduct and to intimidate victims and such failure resulted in an improper and unreasonable false charges being used and leveled on

Plaintiff, which conduct proximately contributed to the plaintiffs injuries of September 26, 2018 through October 20 , 2019 as described above.

35.     That as a result of the aforementioned wrongful, negligent, careless, and reckless conduct of the aforesaid Defendants, Plaintiff sustained the injuries herein alleged.

36.     That the Plaintiff has suffered a severe shock to his nervous systems, and has become emotionally distressed thereto. That the Plaintiff has suffered severe and agonizing pain, and is informed, and believes that such pain will continue indefinitely. That the Plaintiff's general health has been damaged and the functions of his body has been greatly impaired. That the Plaintiff has had to spend large sums of money for medical care and attention, and are informed and believe that in the future it will be necessary for him to continue to do so indefinitely. That as a result of Defendants' intentional acts and negligence, the Plaintiff has been damaged in an amount to be determined after trial.

### AS AND FOR A FIRST  CAUSE OF ACTION
### FOR FALSE ARREST AND FALSE IMPRISONMENT  UNDER  42 USC §1983
### AS AGAINST DEFENDANTS CITY, POLICE OFFICER AGUNZO AND  POLICE
### OFFICERS JOHN DOES# 1-6

37.     The Plaintiff  hereby incorporates by reference each and every preceding paragraphs 1 through 36 of this civil complaint as though fully plead and re-alleged in their entirety below.

38.     That the Fourth and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

39.     That the above described arrest and consequential imprisonment that began on September 26, 2018  at the subject times and place by the defendants CITY and NYPD through and/or by the

actions of their agents, servants and employees, namely Police Officer AGUNZO Tax Reg.# 962913 and POLICE OFFICERS JOHN DOES# 1-6 constitutes false arrest and false imprisonment on the aforementioned charges without probable cause in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

40.    That at the time of Plaintiff's arrest, Defendants Police Officer AGUNZO Tax Reg.# 962913 and POLICE OFFICERS JOHN DOES# 1-6 acted under color of law and were exercising their responsibilities pursuant to state law and under the directives of the Defendants CITY and NYPD.

41.    That at the time of Plaintiff's arrest, the Defendants CITY and NYPD through and/or by the actions of its agents, servants and employees, namely Defendants Defendants Police Officer AGUNZO Tax Reg.# 962913 and POLICE OFFICERS JOHN DOES# 1-6 lacked probable cause: (a) to believe that Plaintiff had committed a crime of resisting arrest; (b) to believe that the Plaintiff was about to commit the crime of resisting arrest; and (c) to commence a criminal prosecution against Plaintiff on the false criminal charges described above.

42.    That at the time of Plaintiff's arrest, the Defendants CITY and NYPD through and/or by the actions of their agents, servants and employees, namely Defendants Police Officer AGUNZO Tax Reg.# 962913 and POLICE OFFICERS JOHN DOES# 1-6 acted with malice towards Plaintiff as the motivation for his assault, battery, false arrest on fabricated charges

43.    That as a result of the false charges brought against Plaintiff, he was taken into police custody and subjected to additional false grounds for incarceration.

44.     That at all relevant times hereto, Plaintiff is informed and believes and thereon alleges that

defendants CITY and NYPD employed the aforementioned defendant officers as agents, servants

and employees of each of defendants CITY and NYPD who were at all times herein acting within

the purpose and scope of such agency and employment and as such the CITY is vicariously liable

for such officers, agents, servants and employees wrongful conduct thereto.

45.     That by reason of the foregoing, Plaintiff  was injured; was rendered sick sore lame and

disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue

his usual and regular activities; and upon information and belief his injuries are permanent in

nature and effect.

46.     That solely by reason of the above, the Plaintiff has been damaged in an amount equal to

or in excess of  the jurisdictional limits of this Court .


### AS AND FOR A SECOND CAUSE OF ACTION
### AS AGAINST DEFENDANTS CITY FOR MONELL
### VIOLATIONS OF PLAINTIFFS CIVIL RIGHTS UNDER 42 USC SECTION 1983

47.     That the Plaintiff, hereby incorporates by reference each and every preceding paragraphs

1 through 46, of this Complaint as though fully plead and re-alleged in their entirety below.

48.     That the Fourth and Fourteenth Amendment  of the Constitution of the United States

protects the right to be free from unreasonable searches and seizures.

49.     That the CITY failed to take the steps necessary to properly train, supervise or otherwise

instruct its officers, including but not limited to Police Officer AGUNZO  Tax Reg.# 962913 and

POLICE OFFICERS JOHN DOES# 1-6 in  the proper manner of  making arrests; in the proper

and strict adherence to their moral and professional obligations to intervene to stop the same where

such improper arrest is being made in their presence and in the proper and strict adherence to their

duties and obligations not file false criminal charges and thus abuse process to shield themselves

from liability as against those individuals who they have knowingly wronged.

50.     That the CITY commenced a comprehensive city wide policy regarding the removal of toy

pistols and or imitation guns from the streets of New York City.

51.     That Defendants CITY and NYPD and all their principals, based on the above policy,

thereto knew or should have known to a moral certainty that Police Officer AGUNZO  Tax Reg.#

962913 and POLICE OFFICERS JOHN DOES# 1-6 would  encounter situations where they would

have to make arrests of persons of color suspected of ownership and or possession of imitation

pistols who were also otherwise lawfully walking on New York City sidewalks.

52.     That the CITY and NYPD enforcement officers responsible for making arrests of such

similar situated persons like the Plaintiff have reported in the media that there are structural

inadequacies in the policies by which such enforcement officers are trained and managed regarding

the arrest of persons of color accused of possession of imitation pistols.

53.     That the NYPD Patrol Guide Procedure requires Police Officers to not fabricate false

charges against persons of color who they encounter on the streets of New York City who have

not committed such crimes.

54.     That notwithstanding the NYPD Patrol Guide Procedures on the proper and lawful manner

of arresting such similarly situated persons as Plaintiff, the NYPD was and is grossly negligent in

training and supervising their own employees and subordinates in the impropriety and illegality of

filing of false charges against innocent persons of color traversing upon the streets of the City of

New York.

55.     That in having a policy in place where NYPD enforcement Officers seek to remove

imitation pistols from the streets of New York City where such police forces have a systemic

problem with misconduct as against persons of color and who have also become increasingly militarized in both their tactics and strategies in the use of force, and thus become increasingly desensitized to the improper means and use of police power as against persons of color, was and is grossly negligent to the safety of such persons as Plaintiff, in that such training exposes such Police officers to the wrong ethos and tactics in the making of arrests against and upon innocent pedestrians lawfully walking upon the streets of New York City and thus the CITY improperly trained such Police Officers in the constitutional manner of making arrests, the reporting of same to the proper authorities where such false arrest is made, the duty to intervene to prevent abuse by such false arrest and duty to not file false charges to shield themselves from lawful prosecution.

56.     That upon Information and belief, the Defendant CITY knew or  should have know that  their policy and practice of having Police officers aggressively seek out and arrest persons who allegedly possess imitation pistols and who are otherwise a heavily armed and militarized constabulary forces, would act in a manner inconsistent with constitutional mandates to not make false arrests and file false charges against such falsely arrested persons, from notice of claims, lawsuits, complaints and their own observations that such individual officers because of their improper training and supervision were unfit to be Police Officers, that it was highly likely that they would commit the alleged acts alleged in the present case, and as such, they exhibited deliberate indifference to the rights of others by failing to act on such information indicating that unconstitutional acts were occurring.

57.     That the conduct of the defendants CITY, NYPD and its Police Officers violated Plaintiff's rights under 42 USC Section 1983, the Fourth and Fourteenth Amendment, the Constitution of the United States and the laws of New York State by failing to properly train, supervise and retrain Police Officers in failing to adequately discipline the defendant subordinate agents and employees,

failing to adequately investigate prior complaints against the defendant subordinate agents and employees, and by acting in a manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees in violation of state and federal law.

58.      That the aforementioned individual  subject Police Officer actions  were committed under color of state law and that these acts deprived the Plaintiff  of rights, privileges, or immunities secured by the Constitution or laws of the United States.

59.      As a direct and proximate result of the misconduct and abuse detailed above, Plaintiff experienced personal and physical injuries, conscious pain, emotional distress, mental anguish, embarrassment, and humiliation.

60.      That solely by reason of the above, the Plaintiff has been damaged in an amount equal or in excess of  the jurisdictional limits of this Court .

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR FAILURE TO INTERVENE  UNDER 42 USC § 1983 AS AGAINST POLICE OFFICERS
## JOHN DOES #1 through #6

61.      The **PLAINTIFF**, hereby incorporates by reference each and every preceding paragraph 1-60 of this Complaint as though fully plead and re-alleged in their entirety below.

62.      That the Fourth Amendment and fourteenth of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

63.      That the Defendants Police Officers JOHN DOES # 1-6 had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other police officers.

64.      That said Defendants failed to intervene to prevent the unlawful conduct described herein.

65.     That the aforementioned individual subject TLC defendants actions were committed under

color of state law and that these acts "deprived the plaintiff of rights, privileges, or immunities

secured by the Constitution or laws of the United States."

66.     That the subject Police Officers who were present while Plaintiff was wrongfully injured

by fellow Police officers and failed to intervene to prevent other law enforcement officers from

infringing the constitutional rights of citizens are liable under § 1983 ias those officer had reason

to know: (1) that a false arrest and imprisonment was being made and occurring thereto in their

presence, (2) that constitutional violations had been committed by a law enforcement official; and

that these officers had a realistic opportunity to intervene to prevent the harm from occurring.

67.     At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that

defendants CITY and NYPD employed the aforementioned defendant Police officers who were

was at all times herein acting within the purpose and scope of such agency and employment and

as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful

conduct thereto.

68.     That as a result of the foregoing, Plaintiff's was unwarrantedly assaulted and battered,

suffered abuse of process, false arrest and false imprisonment on a false charge, was maliciously

prosecuted and he was put in fear of his safety, and was humiliated and subject to other physical

constraints and injuries.

69.     By the reason of the foregoing, Plaintiff, was severely injured and damaged, rendered sick,

sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain

and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff

will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and

Plaintiff has incurred and in the future will necessarily incur further hospital and/or medical

expenses in an effort to be cured of such said injuries; and Plaintiff has suffered and in the future

will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and

Plaintiff will be unable to pursue Plaintiff's usual duties with the same degree of efficiency as prior

to this occurrence all to Plaintiff's great damage.

70.     That solely by reason of the above, the Plaintiff has been damaged in an amount equal or

exceed  the jurisdictional limits of this Court .

71.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS UNDER CIVIL RIGHTS LAW 42 USC §1983 ON BEHALF OF
PLAINTIFF AS AGAINST CITY, POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN
DOES# 1-6**

72.     That the Plaintiff hereby incorporates by reference each and every preceding paragraphs 1

through 70, of this civil complaint as though fully plead and re-alleged in their entirety below.

73.     That the Fourth and Fourteenth Amendment of the Constitution of the United States

protects the right to be free from unreasonable searches and seizures, including intentional acts of

violence; provides that warrants shall issue only upon probable cause, supported by oath or

affirmation.

74.     That the Plaintiff is informed and believes and thereon alleges, that such acts of Defendants

CITY, and each of them, including Defendant(s) Police Officer  AGUNZO AND Police

Officers  JOHN DOES# 1-6 as their agents, servants and or employees were intentional, extreme,

and outrageous. Plaintiff  is further informed and believes and thereon alleges that such actions

were done with the intent to cause serious emotional distress or with reckless disregard of the

probability of causing Plaintiff serious emotional distress.

75.    That the aforementioned individual subject Defendant Police Officer's actions were committed under color of state law and that these acts deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

76.    At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY, NYPD and the aforementioned defendant Police officers as agents, servants and employees of each of defendant CITY were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

77.    That as a direct, legal and proximate result of such acts of the said Defendants and each of them, including Defendant(s) POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN DOES# 1-6 as their agents, servants and or employees Plaintiff, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

78.    That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court .

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR  ABUSE OF PROCESS UNDER CIVIL RIGHTS LAW 42 USC §1983 AS AGAINST DEFENDANTS CITY,ON BEHALF OF PLAINTIFF AS AGAINST CITY, POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN DOES# 1-6

79.    The **Plaintiff** hereby incorporates by reference each and every preceding paragraphs 1 through 77 of this Complaint as though fully plead and re-alleged in their entirety below.

80.     That the Fourth, Fourteenth and Fifth Amendment of the Constitution of the United States

protects the right to be free from unreasonable searches and seizures; wrongful and false charges

being filed against persons to deprive them of constitutional protections and provides that warrants

shall issue only upon probable cause, supported by oath or affirmation.

81.     That the above described actions of the Defendants   CITY and NYPD and more

specifically, their agents, servants and employees, to wit Police OfficerAGUNZO AND Police

Officers JOHN DOES# 1-6 constitutes abuse of process in that these Officers intentionally,

willfully, and maliciously fabricated the aforementioned charges as against Plaintiff with the intent

to cover up the above false arrest and assault and battery upon him, among other wrongs, and the

defendants knowingly and intentionally abused the process of prosecution in this perverted manner

to shield themselves from potential legal action to be taken against them by their employers, to wit

Defendant CITY.

82.     At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that

defendants CITY and NYPD employed the aforementioned defendant Police officers as agents,

servants and employees of each of defendants CITY who were was at all times herein acting within

the purpose and scope of such agency and employment and as such the CITY is vicariously liable

for such officers, agents, servants and employees wrongful conduct thereto.

83.     That the aforementioned individual  subject individual defendants actions were committed

under color of state law and that these acts 'deprived plaintiff of rights, privileges, or immunities

secured by the Constitution or laws of the United States.'"

84.     By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick,

sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain

and emotional upset, some of which injuries are permanent in nature and duration, and will be

permanently caused to suffer pain and inconvenience and other effects of such injuries; and has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

85.     That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR  MALICIOUS PROSECUTION UNDER CIVIL RIGHTS LAW 42 USC §1983 AS AGAINST DEFENDANTS CITY,ON BEHALF OF PLAINTIFF AS AGAINST CITY, POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN DOES# 1-6

86.     The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 85 of this Complaint as though fully plead and re-alleged in their entirety below

87.     That at all relevant times  Police Officer  AGUNZO AND Police Officers JOHN DOES# 1-6 were agents of the CITY and NYPD and acting within the scope of their duties as law enforcement officers

88.     That the CITY by and through its agents, servants and employees, including Defendants Police Officer  AGUNZO AND Police Officers JOHN DOES# 1-6  initiated and continued a criminal proceeding against Plaintiff in bad faith, insofar as these police officers, upon information and belief, upon review and investigation of the facts of the within matter became and or were made aware or should have been aware of exculpatory and or exonerating evidence in Plaintiff's favor, to wit, any and all claims of ownership of the aforementioned BB guns by another persons preceding the initiation of criminal proceedings, and notwithstanding same pursued and or initiated his prosecution by presenting incomplete, incorrect information to the CITY Prosecutor, which,

because of the suppression of evidence or other law enforcement conduct undertaken in bad faith, lacked and was without probable cause

89.     That the criminal proceedings and prosecution thereto terminated completely in Plaintiff's favor on or before October 28, 2019 and October 30 2019, respectively.

90.     That the CITY lacked probable cause to commence and to continue the criminal proceeding against Plaintiff since, at all relevant times, the CITY, including agents Police Officer  AGUNZO AND Police Officers JOHN DOES# 1-6, knew, or possessed information, that Plaintiff's prosecution for the aforementioned charges lacked probable cause and that defendants could not evince any facts or circumstances which could lead a reasonable person to believe that Plaintiff was guilty of the crimes charged.

91.     That the CITY lacked probable cause to commence and to continue the criminal prosecution against Plaintiff.

92.     That the Defendants Police Officer  AGUNZO AND Police Officers JOHN DOES# 1-6,, at all relevant times, were motivated by actual malice.

93.     At all relevant times, the defendants' actions were motivated by bad faith, actual malice, and were not justified, excused or privileged.

94.     That the aforementioned individual  subject individual defendants actions were committed under color of state law and that these acts 'deprived the Plaintiff  of rights, privileges, or immunities secured by the Constitution or laws of the United States.

95.     By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and has

incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

96.      That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR BATTERY UNDER CIVIL RIGHTS LAW 42 USC §1983 ON BEHALF OF PLAINTIFFS AGAINST CITY,AS AGAINST CITY, POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN DOES# 1-6

97.      The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 95, of this civil complaint as though fully plead and re-alleged in their entirety below.

98.      That the Fourth and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

99.      That at all relevant times as set forth herein, Defendants CITY, and each of them, including Defendant(s)PPolice Officer AGUNZO ANDPolice Officer JOHN DOES# 1-6  _as their agents, servants and or employees, intended to cause and did cause harmful, unwanted, unwelcome contact with Plaintiff's  person.

100.     That Plaintiff did not consent to the defendant(s), and each of them, their agents, servants and/or employees' acts.

101.     At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and NYPD employed the aforementioned defendant officers as agents, servants

and employees who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

102.    That the aforementioned individual subject individual defendants actions were committed under color of state law and that these acts 'deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"

103.    That as a result of these intentional acts of the defendant(s), and each of them, their agents, servants and/or employees, the Plaintiff,, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

104.    That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court

## AS AND FOR A EIGHTH CAUSE OF ACTION
## FOR ASSAULT UNDER CIVIL RIGHTS LAW 42 USC §1983
## ON BEHALF OF PLAINTIFF AS AGAINST CITY, POLICE OFFICER AGUNZO AND
## POLICE OFFICERS JOHN DOES# 1-6

105.    The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 104, of this civil complaint as though fully plead and re-alleged in their entirety below.

106.    That the Fourth and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures.

107.    That all relevant times set forth herein Defendants CITY and NYPD and each of them,

including Defendant(s)Police Officer  AGUNZO AND Police Officers JOHN DOES# 1-6  as their

agents, servants and or employees, intended to cause and did cause the Plaintiff to fear an imminent

threat of harm and or harmful contact with Plaintiff's person.

108.    That Plaintiff did not consent to the defendants, and each of them, their agents, servants

and/or employees, act.

109.    At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that

defendants CITY and NYPD employed the aforementioned defendant officers as agents, servants

and employees who were was at all times herein acting within the purpose and scope of such

agency and employment and as such the CITY is vicariously liable for such officers, agents,

servants and employees wrongful conduct thereto.

110.    That the aforementioned individual  subject individual defendants actions  were committed

under color of state law and that these acts deprived  Plaintiff  of rights, privileges, or immunities

secured by the Constitution or laws of the United States.

111.    That as a result of these intentional acts of the Defendants, and each of them, their agents,

servants and/or employees, the Plaintiff sustained injuries to various parts of his head, body, limbs

and nervous system and, upon information and belief, some of his injuries are of a permanent

and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and

prevented from attending to his usual business and/or occupation, and sustained a loss of earnings

and he was required and will be required to obtain medical aid and attention in an effort to cure

and alleviate his injuries.

112.    That solely by reason of the above, the Plaintiff has been damaged in an amount that equals

or exceeds the jurisdictional limits of this Court

## AS AND FOR AN NINTH CAUSE OF ACTION
## FOR DENIAL OF RIGHT TO A FAIR TRIAL UNDER CIVIL RIGHTS LAW 42 USC §1983
## ON BEHALF OF PLAINTIFF AS AGAINST CITY,POLICE OFFICER  AGUNZO AND
## POLICE  OFFICERS JOHN DOES# 1-6

113.    The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1
through 112, of this civil complaint as though fully plead and re-alleged in their entirety below.

114.    That the Fourth and Fourteenth Amendment of the Constitution of the United States
protects the right to be free from unreasonable searches and seizures; provides that warrants shall
issue only upon probable cause, supported by oath or affirmation

115.    That all relevant times set forth herein Defendants CITY and NYPD and each of them,
including Defendant(s) Police Officer AGUNZO AND Police Officers JOHN DOES# 1-6 as their
agents, servants and or employees, did deprive Plaintiff of his civil, constitutional and statutory
rights  under color of law and is liable to Plaintiff under 42 USC 1983.

116.    That all relevant times set forth herein Defendants CITY and NYPD and each of them,
including Defendant(s) Police Officer  AGUNZO AND Police Officers JOHN DOES# 1-6 as their
agents, servants and or employees, did deprive of his right to a fair trial, pursuant to the Sixth  and
Fourteenth Amendments to the United States Constitution.

117.    That all relevant times set forth herein Defendants CITY and NYPD and each of them,
including Defendant(s) Police Officer AGUNZO AND Police Officers JOHN DOES# 1-6 as their
agents, servants and or employees, created false information likely to influence a jury's
decision  and then forwarded that information to prosecutors, resulting in Plaintiff suffering
a  deprivation of liberty and a violation of his rights.

118.    At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and NYPD employed the aforementioned defendant officers as agents, servants and employees who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

119.    Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

### AS AND FOR A TENTH  CAUSE OF ACTION FOR A PENDENT STATE CLAIM FOR MALICIOUS PROSECUTION ON BEHALF OF PLAINTIFF AS AGAINST CITY ,POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN DOES# 1-6

120.    The Plaintiff, hereby incorporates by reference each and every preceding paragraph, numbered 1 through 118, of this Complaint as though fully plead and re-alleged in their entirety below.

121.    That all relevant times set forth herein Defendants CITY and NYPD and each of them, including Defendant(s)Police Officer AGUNZO AND Police Officers JOHN DOES# 1-6  as their agents, servants and or employees did commence a criminal proceeding against the Plaintiff, that the same prosecution terminated in Plaintiff's favor, and that there was an absence of a reasonable finding of both probable cause and actual malice to initiate such same criminal proceeding against the Plaintiff.

122.    At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and NYPD employed the aforementioned defendant officers as agents, servants and employees who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

123.     That by reason of the aforesaid unlawful and malicious prosecution and criminal charges

and hearings, the Plaintiff was deprived of his liberty, was subjected to great indignity, pain,

humiliation, and great distress of mind and body and was held up to scorn and ridicule, was injured

in character and reputation, was prevented from attending his usual business and avocation, was

injured in his reputation in the community and the said Plaintiff has been otherwise damaged.

124.     That by reason of the aforesaid, the Plaintiff was injured in Mind and Body, still suffers

and upon information and belief, will continue to suffer great mental pain, and he was rendered

emotionally and mentally distressed and so remains.

125.     Plaintiff has been damaged as a result of said defendants actions in an amount believed to

equal or exceed the jurisdictional limit of this Court.


### AS AND FOR A ELEVENTH CAUSE OF ACTION FOR PENDENT STATE CLAIM FOR  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF PLAINTIFF AS AGAINST CITY,POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN DOES# 1-6

126.     The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1

through 125, of this civil complaint as though fully plead and re-alleged in their entirety below.

127.     Plaintiff is informed and believes and thereon alleges, that such acts of Defendants  CITY,

and NYPD each of them, including Defendant(s) Police Officer  AGUNZO AND Police Officers

JOHN DOES# 1-6  as their agents, servants and or employees were intentional, extreme, and

outrageous. Plaintiff  is further informed and believes and thereon alleges that such actions were

done with the intent to cause serious emotional distress or with reckless disregard of the probability

of causing Plaintiff serious emotional distress.

128.     At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that

defendants CITY and NYPD employed the aforementioned defendant officers as agents, servants

and employees of each of defendants CITY and NYPD  who were was at all times herein acting

within the purpose and scope of such agency and employment and as such the CITY is vicariously

liable for such officers, agents, servants and employees wrongful conduct thereto.

129.    That as a direct, legal and proximate result of such acts of the Defendants  and each of

them, including Defendant(s) Police Officer AGUNZO AND Police Officers JOHN DOES# 1-6

as their agents, servants and or employees Plaintiff, sustained injuries to various parts of his head,

body, limbs and nervous system and, upon information and belief, some of his injuries are of a

permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and

home and prevented from attending to his usual business and/or occupation, and sustained a loss

of earnings and he was required and will be required to obtain medical aid and attention in an effort

to cure and alleviate his injuries.

130.    Plaintiff has been damaged as a result of said defendants actions in an amount  believed to

equal or exceed the jurisdictional limit of this Court.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### FOR A PENDENT STATE CLAIM FOR  FAILURE TO INTERVENE AS AGAINST
### OFFICER POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN DOES# 1-6

131.    The Plaintiff, hereby incorporates by reference each and every preceding paragraph 1

through 130 of this Complaint as though fully plead and re-alleged in their entirety below.

132.    That the Defendant individual Officers, including but not limited to Police

Officer  AGUNZO AND Police Officers JOHN DOES# 1-6  had an affirmative duty to intervene

on behalf of PLAINTIFF, whose constitutional rights were being violated in their presence by

other police officers.

133.    That said Defendants failed to intervene to prevent the unlawful conduct described herein.

134.     That at all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants CITY and NYPD employed the aforementioned defendant TLC officers as agents, servants and employees of each of defendants CITY and NYPD who were was at all times herein acting within the purpose and scope of such agency and employment and as such the CITY is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

135.     That as a result of the foregoing, Plaintiff's was unwarrantedly assaulted and battered, suffered, abuse of process, false arrest and false imprisonment on a false charge and malicious prosecution, among others,  and he was put in fear of his safety, and he was humiliated and subject to other physical constraints and injuries.

136.     By the reason of the foregoing, Plaintiff, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and  Plaintiff has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and  Plaintiff has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and  Plaintiff will be unable to pursue Plaintiff's usual duties with the same degree of efficiency as prior to this occurrence all to Plaintiff's great damage.

137.     Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## FOR PENDENT STATE CLAIM FOR  NEGLIGENCE IN HIRING AND RETAINING AS
## AGAINST DEFENDANT CITY

138.    The Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1

through 137, of this Complaint as though fully plead and re-alleged in their entirety below.

139.    That the Defendants Police Officer  AGUNZO and Police Officers JOHN DOES# 1-6

lacked the experience, deportment and ability to be employed by Defendants CITY and NYPD; in

that Defendants CITY  failed to exercise due care and caution in its hiring practices, and in

particular, in hiring the defendant employees, including but not limited to Defendant Police

Officer  AGUNZO AND Police OfficersJOHN DOES# 1-6 who lacked the mental capacity and

the ability to function as employees of Defendants CITY; in that the defendant police officer,

lacked the maturity, sensibility and intelligence to be employed by Defendant CITY, in that

Defendants CITY knew of the lack of ability, experience, deportment and maturity of said

defendant employees when they hired them to be employees as police officers; and, in that

Defendants CITY , its agents, servants and/or employees were otherwise careless, negligent and

reckless by hiring the Defendants Police officers

140.    Defendants CITY and knew, or should have known in the exercise of reasonable care, the

propensities of the subject Defendant Police Officers to engage in the wrongful conduct heretofore

alleged in this Complaint.

141.    That Defendants CITY  their agents, servants and employees in their failure exercise

reasonable care to hire and retain, did act willfully, wantonly, maliciously and with such reckless

disregard for the consequences as to display a conscious disregard for the dangers of harm and

injury to the citizens of the State of New York including, in this instance, Plaintiff.

142.   That the Defendants, CITY, was careless and reckless in hiring and retaining its employees, to wit Police Officer AGUNZO AND Police Officer JOHN DOES# 1-6 in that said Defendants lacked the experience deportment and ability to be employed by the defendant CITY.

143.   That the Defendants CITY failed to exercise due care and caution in its hiring and retaining practices, and in particular, in hiring and retaining the Defendant police officer employees who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendant; and in that they hired and retained as an employee of their police department individuals whose backgrounds contained information (based upon information and belief) that revealed said Defendant employees lacked the maturity, sensibility, and intelligence to be employed by the Defendant CITY; in that the Defendants CITY knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees; and, in that the Defendant CITY their agents, servants and employees were otherwise careless, negligent, and reckless.

144.   That the aforesaid occurrence, to wit, the improper and unreasonable hiring and retaining of Police Officer employees resulted in, battery, assault, false arrest and imprisonment and other wrongs, resulting injuries to Plaintiff's mind and body therefrom were caused wholly and solely by reason of the negligence in the hiring and retention of the Defendant, its agents, servants and employees without any negligence on the part of Plaintiff.

145.   That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and she was rendered emotionally and mentally distressed and so remains.

146.   Plaintiff has been damaged as a result of said defendants actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## FOR PENDENT STATE CLAIM FOR NEGLIGENCE IN TRAINING AND SUPERVISING
## AGAINST DEFENDANT CITY

147.   The Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 146, of this Complaint as though fully plead and re-alleged in their entirety below.

148.   That the Defendants Police Officer  AGUNZO AND Police Officer JOHN DOES# 1-6  being employees of the Defendant CITY, were negligently trained and supervised in the performance of their duties in that Defendant CITY  failed to exercise due care and caution in its training and supervising practices that would have prevented the subject Officers involved in the subject arrest herein from assaulting, battering, falsely arresting and imprisoning and or detaining Plaintiff and filing false charges against him, among other wrongs.

149.   Defendants CITY  knew, or should have known in the exercise of reasonable care, that the training and supervision of such Defendants to wit, Police Officer  AGUNZO ANDPolice Officer JOHN DOES# 1-6 was inadequate and insufficient to prevent the same from engaging in the wrongful conduct heretofore alleged in this Complaint.

150.   That Defendants CITY, their agents, servants and employees in their failure to exercise reasonable care to train and supervise, did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York including, in this instance, the Plaintiff.

151.   That the Defendants, CITY was careless and reckless in its training and supervising of its employees, to wit, Police Officer  AGUNZO AND Police Officer JOHN DOES# 1-6 in that said Defendants knew and or should have known that assaulting, battering,, filing false charges, abusing

process and other wrongful conduct described above was unlawful and wrong and should not have engaged in such wrongful and or unlawful conduct.

152.    That the Defendant CITY failed to exercise due care and caution in its training and supervising practices, and in particular, in hiring and retaining the Defendant employees who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendant; and in that it hired and retained as its employees, individuals whose backgrounds contained information (based upon information and belief) that revealed said Defendants lacked the maturity, sensibility, and intelligence to be employed by the Defendants CITY; in that the Defendants CITY  knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employee; and, in that the Defendants CITY, their agents, servants and employees were otherwise careless, negligent, and reckless.

153.    hat the aforesaid occurrence, to wit, the improper and unreasonable training and supervising employees resulted in the assault, battery, false arrest and imprisonment, abuse of process, malicious prosecution, failure to intervene, among other wrongs, and resulting injuries to mind and body therefrom were caused wholly and solely by reason of the negligence of the Defendants CITY, its agents, servants and employees without any negligence on the part of Plaintiff.

154.    That by reason of the aforesaid, Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was rendered emotionally and mentally distressed and so remains.

155.    Plaintiff has been damaged as a result of said defendants actions in an amount  believed to equal or exceed the jurisdictional limit of this Court.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## FOR PENDENT STATE CLAIM FOR  ABUSE OF PROCESS AS AGAINST DEFENDANTS
## CITY, POLICE OFFICER  AGUNZO AND POLICE  OFFICERS JOHN DOES# 1-6

156.    The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1
through 155 of this Complaint as though fully plead and re-alleged in their entirety below.

157.    That the above described actions of the Defendants  CITY and more specifically, their
agents, servants and employees, to wit Police Officer AGUNZO AND Police Officer JOHN
DOES# 1-6 constitutes abuse of process in that these Officers intentionally, willfully, and
maliciously fabricated criminal charges  as against Plaintiff  with the intent to cover up the above
described false arrest and imprisonment, assault and battery upon him, and the defendants
knowingly and intentionally abused the process of prosecution in this perverted manner to shield
themselves from potential legal action to be taken against them by their employers, to wit
Defendant CITY.

158.    At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that the
defendant CITY and NYPD employed the aforementioned defendant Police officers as agents,
servants and employees of each of defendants CITY who were was at all times herein acting within
the purpose and scope of such agency and employment and as such the CITY is vicariously liable
for such officers, agents, servants and employees wrongful conduct thereto.

159.    By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick,
sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain
and emotional upset, some of which injuries are permanent in nature and duration, and will be
permanently caused to suffer pain and inconvenience and other effects of such injuries; and has
incurred and in the future will necessarily incur further hospital and/or medical expenses in an
effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer

additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

160.    Plaintiff has been damaged as a result of said defendants actions in an amount believed to equal or exceed the jurisdictional limit of this Court.


**WHEREFORE**, the Plaintiff demand judgment against the defendants in an amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action and any other such relief as this honorable Court may deem just, fair and proper, to wit.

a.    Compensatory damages in the sum which equals or exceeds the jurisdictional limits this Court

b.    Punitive damages where permitted in the sum which exceeds the jurisdictional limits of this Court.

c.    Pursuant to §1988 An award of reasonable attorney's fees, costs and disbursements;

d.    Plaintiff requests a trial by jury of all issues involved in this complaint;

e.    Such other and further relief as this Court may deem just, meet and proper under the circumstances.

Dated: New York New York
          October 27, 2020

                                            _____/S/_____
                                            REHAN NAZRALI, Esq.
                                            299 Broadway, 17th Floor
                                            New York, NY 10007
                                            Tel: 646-331-9378